**Dated: June 3, 2015**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

In re:

GARY WAYNE LARUE and       Case No. 14-80430-TRC
BARBARA JEAN LARUE,      Chapter 11
              Debtors.

GARY AND BARBARA LARUE,
              Plaintiffs

vs.      Adv. No. 15-8005-TRC

CHAMBERS BANK,
              Defendants.

## ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

Before the Court is Defendant's Rule 12(e) Motion for More Definite Statement (Docket Entry 4). Defendant Chambers Bank argues that Plaintiffs' Complaint does not allege specific facts to give it proper notice of the substance of the allegations against the Bank. It characterizes these allegations as "unnecessary opinions and embellishments of the facts."

Fed. R. Civ. P. 12(e), made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b), states that a motion for more definite statement may be filed where a pleading is

so vague or ambiguous that a party cannot reasonably prepare a response. The motion must specify the defects of the pleading and the details desired to enable a response. Such motions are generally disfavored by courts and should not be granted unless the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Greater New York Auto Dealers Ass'n v. Environmental Systems Testing, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002); see generally 5C Wright & Miller et al., *Federal Practice and Procedure* §§ 1376–77 (3d ed. 2015)("[M]otions for a more definite statement should be strictly limited to those few instances in which a significant advancement of the litigation will result from a grant of the defendant's motion.") It is within a court's sound discretion to determine whether to grant a motion under Rule 12(e). Where the information sought is within the movant's knowledge, courts may deny the motion. *See Casanova v. Ulibarri,* 595 F.3d 1120, 1125 (10th Cir. 2010); 2 *Moore's Federal Practice and Procedure*, § 12.36 (3d ed. 2015).

Upon review, the Court finds that this Complaint adequately informs Defendant of the nature of Plaintiffs' claims and is sufficient to allow it to frame a responsive pleading. The Complaint contains specific allegations regarding the relationship of the parties and clearly states that it seeks to establish that Chambers Bank does not hold a secured interest in Plaintiffs' property. Information regarding Chambers Bank's secured status, including the allegations regarding substituted collateral, specific terms of the mortgage and promissory note, and payment information, is within its province to discover, a factor which weighs against the need for an amended complaint. This Motion appears to challenge the sufficiency of the legal claim against Defendant, rather than the vagueness or ambiguity of the allegations. Defendant's Motion sets forth its legal reason as to why it does not believe Plaintiffs can prevail. Thus, it has already presented a responsive pleading of sorts.

IT IS THEREFORE ORDERED that Defendant's Rule 12(e) Motion for More Definite Statement (Docket Entry 4) is hereby **denied.** Defendant shall file its answer on or before June 17, 2015.

Movant shall notify all interested parties of this Order.

###